IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DANNY L. BLACKMON,<br><br>        Petitioner,<br><br>    v.<br><br>WARDEN FCI FORT DIX,[1]<br><br>        Respondent. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 16-1831 (JBS)<br><br>**OPINION** |

**APPEARANCES:**

Danny L. Blackmon, Petitioner pro se
# 21490-056
Fort Dix 5702
Federal Correctional Institution
Inmate Mail/Parcels
EAST: P.O. BOX 2000
Fort Dix, NJ 08640

Craig Carpenito, United States Attorney
John Andrew Ruymann, AUSA
Office of the United States Attorney
402 East State Street
Suite 430
Trenton, NJ 08608

       -and-

Christina Saetta Clark, Esq.
Attorney Advisor, Federal Bureau of Prisons
Of Counsel
    Attorneys for Respondent Warden FCI Fort Dix

---

[1] The Court substitutes Warden FCI Fort Dix for "B Womack, Supervisor of Education" because the proper respondent in a habeas action is the petitioner's immediate custodian. *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004).

**SIMANDLE, U.S. District Judge:**

I.  INTRODUCTION

Petitioner Danny L. Blackmon, a federal prisoner confined at FCI Fort Dix, New Jersey, has filed an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Docket Entry 3]. Petitioner asserts that the Bureau of Prisons ("BOP") improperly reduced the amount of good conduct time ("GCT") he was earning after he voluntarily withdrew from the GED program at Fort Dix. He asks the Court to reinstate the lost time and order the BOP to allow him to withdraw from the program without further penalty.

The principal issues to be decided are (1) whether the BOP reasonably interpreted and applied its policies when it reduced Petitioner's GCT earning capacity from 54 days to 42 days per year after he withdrew from the GED program; and (2) whether Petitioner's due process rights were violated. The Court finds that the BOP was reasonable in its interpretation and application of its policies and that Petitioner's due process rights were not violated. Therefore, the Court will deny the petition for the reasons expressed below.

II.  BACKGROUND

On December 14, 2004, Petitioner was sentenced to a 365-month term of imprisonment in the United States District Court

for the Eastern District of North Carolina. *United States v. Blackmon*, No. 03-cr-00077 (E.D.N.C. Dec. 14, 2004). The BOP has calculated his current projected release date as August 14, 2030 based on his GCT. [Declaration of Tara Moran "Moran Dec." Exhibit 1, Docket Entry 8-1 at 6].

Petitioner began taking GED classes in April 2005 shortly after entering the BOP system. [Docket Entry 1 ¶ 5]. On March 29, 2015, Petitioner requested permission to leave the GED program. [Docket Entry 1-1 at 10]. As of that date, he had accumulated 2130 hours of class time. [*Id.; see also* Docket Entry 1 ¶ 5]. Petitioner's case manager, Ms. Dykes, counseled him that his GCT could be affected if he withdrew from the program. [Docket Entry 1-1 at 10]. Petitioner signed a form indicating he had been advised of that fact and understood. [*Id.*]. Petitioner was placed in GED UNSAT status as of April 15, 2015. [Moran Dec. Exhibit 5, Docket Entry 8-1 at 21]. He began to accrue a reduced amount of 42 days of GCT per year in July 2015, down from the 54 days per year he had been earning while enrolled in the program. [Docket Entry 8 at 11].[2]

---

[2] "GCT is calculated at the end of each year that an inmate serves. Because petitioner earned 518 days of jail credit commencing on July 15, 2003, his GCT is calculated beginning on July 14, 2003, and is calculated at the end of each twelve month cycle – that is, July 14 to July 13)." [Answer, Docket Entry 8 at 11 (citing 18 U.S.C. 3624(b); *Barber v. Thomas*, 560 U.S. 474, 480 (2010); Moran Dec. Exhibit 1)].

3

After filing an unsuccessful informal grievance, Petitioner filed an administrative remedy with the Fort Dix warden on July 18, 2015 objecting to the reduction in the amount of his annual earned GCT. He argued that the relevant BOP Program Statement, Program Statement 5350.28, permitted inmates to voluntarily withdraw from the GED program without penalty after completing 240 hours towards the degree. [Moran Dec. Exhibit 2, Docket Entry 8-1 at 12-13]. The warden denied the request on July 31, 2015 on the basis that "[a]ttaining 240 hours or more in the program means that you cannot receive an incident report (disciplinary sanction) for failing to attend class; however, in order to receive 54 days of GCT a year, you must still be making satisfactory progress towards your GED." [*Id.* at 14]. Petitioner appealed the warden's decision to the BOP Northeast Region. [Moran Dec. Exhibit 3, Docket Entry 8-1 at 16]. The Regional Director denied the appeal on September 11, 2015. [*Id.* at 17]. Petitioner appealed to the BOP's Central Office on November 23, 2015. [Moran Dec. Exhibit 4, Docket Entry 8-1 at 19]. The Central Office did not respond by January 22, 2016. [Moran Dec. ¶ 5]. Respondent concedes Petitioner has exhausted his administrative remedies. [Docket Entry 8 at 5].

Petitioner subsequently filed his petition for writ of habeas corpus under 28 U.S.C. § 2241 in this Court. [Docket Entry 1]. The Court originally administratively terminated the

petition as Petitioner did not submit the petition on the required form or submit the filing fee or an application to proceed *in forma pauperis*. [Docket Entry 2]. Petitioner submitted an amended petition and *in forma pauperis* application. [Docket Entry 3]. The Court reopened the case, granted the *in forma pauperis* application, and ordered Respondent to answer the petition. [Docket Entry 4]. Respondent filed an answer, [Docket Entry 8], and Petitioner filed a traverse, [Docket Entry 9]. The matter is ripe for disposition without oral argument. Fed. R. Civ. P. 78(b).

### III. ANALYSIS

Petitioner brings this petition as a pro se litigant. The Court has an obligation to liberally construe pro se pleadings and to hold them to less stringent standards than more formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Higgs v. Attorney Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011), *as amended* (Sept. 19, 2011) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. *See Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998); *Lewis v. Attorney Gen.*, 878 F.2d 714, 721–22 (3d Cir. 1989); *United States v. Brierley*, 414 F.2d 552, 555 (3d Cir. 1969), *cert. denied*, 399 U.S. 912 (1970).

Section 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001). Petitioner's claims that the BOP unreasonably interpreted and applied its policies and that it violated his due process rights when it reduced his GCT award are appropriately before the Court under § 2241 as a finding in Petitioner's favor would lead to an earlier release date through the recalculation of the rate at which Petitioner earns GCT.

**A. Interpretation and Application of Policy**

Petitioner argues that the BOP misinterpreted and misapplied its policies to his case when it reduced his GCT award from 54 days per year to 42 days per year after he withdrew from the GED program. He bases his argument on Program Statement 5350.28, which "requires inmates who do not have a GED credential or a high school diploma to complete one period (240 instructional hours) of literacy program participation during their confinement." BOP Program Statement 5350.28 at 2 "Literacy Program (GEDStandard)" (12/1/2003). Specifically, Petitioner relies on the provision that states: "Inmates must participate in the literacy program for one mandatory period of at least 240 instructional hours, or until they achieve a GED credential or high school diploma, *whichever comes first*." *Id.* (emphasis added). Petitioner argues he should have been permitted to

withdraw from the GED program without penalty since he completed more than 240 hours of instruction. The Court concludes the BOP reasonably interpreted and applied its policies.

The Prison Litigation Reform Act of 1996 ("PLRA") set forth two different literacy provisions for the BOP to administer: one mandatory, codified in 18 U.S.C. § 3264(f); the other non-mandatory, codified in 18 U.S.C. § 3264(b)(1). The mandatory program applies to "all mentally capable inmates who are not functionally literate" with certain exemptions not applicable in Petitioner's case. 18 U.S.C. §3624(f)(1); 28 C.F.R. § 544.71. "Pursuant to the regulations which implement these statutory mandates, inmates who do not have a high school diploma or GED are required to participate in the program 'for a minimum of 240 instructional hours or until a GED is achieved, whichever occurs first.'" *De La Cruz v. Zickefoose*, 450 F. App'x 123, 125 (3d Cir. 2011) (quoting 28 C.F.R. § 544.70). "Failure to complete 240 hours of instructions in the program can result in disciplinary action." *Id.* (citing 28 C.F.R. § 544.75).

Petitioner satisfied one condition of § 544.70 when he completed 240 hours of instruction. He was therefore eligible to withdraw from the program without disciplinary action. *See* 28 C.F.R. § 544.73(c) ("At the end of 240 instructional hours . . . the unit team during scheduled program review sessions shall meet with the inmate . . . . At these meetings, the inmate may

7

elect not to continue in the literacy program, and no disciplinary action will be taken."). The BOP did not take disciplinary action against Petitioner when he withdrew from the GED program.

A separate provision of the PLRA, 18 U.S.C. § 3264(b)(1), provides the mechanism through which inmates can earn GCT as an incentive to complete the program, up to 54 days per year. "But the ability to earn the full 54 days of good conduct time depends on whether the inmate, inter alia, 'has earned, or is making satisfactory progress toward earning, a high school diploma or an equivalent degree.'" *De La Cruz*, 450 F. App'x at 125 (quoting 18 U.S.C § 3624(b); 28 C.F.R. § 523.20(c)(1)). Inmates are only eligible for "42 days credit for each year served (prorated when the time served by the inmate for the sentence during the year is less than a full year) if the inmate has not earned or is not making satisfactory progress toward earning a GED credential or high school diploma." 28 C.F.R. § 523.20(c)(2).

Inmates who have withdrawn from the literacy program are not considered to be "making satisfactory progress." 28 C.F.R. § 544.73(b)(1)(iii). The same Program Statement Petitioner cites in support of his position states in its discussion of § 544.73 that the "PLRA requires the Bureau to consider whether inmates earned, or are making satisfactory progress towards earning, a

GED credential before awarding GCT." BOP Program Statement 5350.28 at 28 (12/1/2003).

"Because the BOP's regulations and policy statements constitute an agency's interpretation of a statute that it administers, the Court must uphold the BOP's regulations if they give effect to the unambiguously expressed Congressional intent behind the statute or present a reasonable interpretation of an ambiguous statute." *Reyes-Morales v. Wells*, 766 F. Supp. 2d 1349, 1357 (S.D. Ga. 2011) (citing *Barber v. Thomas*, 560 U.S. 474, 488–89 (2010) ("No one doubts that the BOP has the legal power to implement [18 U.S.C. § 3624(b)] in accordance with its language and purposes . . . ."); *Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 842–43 (1984)). *See also Reno v. Koray*, 515 U.S. 50, 61 (1995) (BOP's interpretation of Program Statements entitled to deference). The Court concludes that the BOP has reasonably interpreted its regulations in reducing Petitioner's credits. Petitioner chose to withdraw from the GED program after being counseled by staff that withdrawing could affect the accrual of GCT. [Docket Entry 1-1 at 10]. The Third Circuit upheld the BOP's interpretations of its regulations and found in a similar case that "an inmate who completes 240 hours of instruction can still be deemed to not be making satisfactory progress if he withdraws from the GED program." *De La Cruz*, 450 F. App'x at 127 (rejecting *Snider v.*

*Daniels*, 445 F. Supp. 2d 1233 (D. Or. 2006)). "Completing 240 hours in § 3624(f)'s literacy program merely prevented the BOP from disciplining [petitioner] when he decided to withdraw from the program." *Id.* at 126 (citing 28 C.F.R. § 544.73(c)).

The Court therefore concludes the BOP's interpretations of its regulations were reasonable and correctly applied to the facts of Petitioner's situation.

**B. Due Process**

Petitioner also asserts that the loss of GCT constitutes a violation of his Fifth Amendment Due Process rights. Good conduct credit may only be taken from an inmate if due process protections are observed.

Generally, "[f]ederal prisoners serving a term of imprisonment of more than one year have a statutory right to receive credit toward their sentence for good conduct. When such a statutorily created right exists, a prisoner has a constitutionally protected liberty interest in good time credit." *Denny v. Schultz*, 708 F.3d 140, 143-44 (3d Cir. 2013) (internal citations and quotation marks omitted). Assuming without deciding that Petitioner had a statutorily created right to 54 days of annual GCT,[3] the BOP did not violate his due

---

[3] Some courts have held that inmates do not have a liberty interest in the specific amount of 54 days under circumstances such as those alleged in the petition. *See, e.g., Reyes-Morales v. Wells*, 766 F. Supp. 2d 1349, 1354–59 (S.D. Ga. 2011).

process rights when it reduced his award to 42 days per year. Petitioner was given notice of the probable effect withdrawal from the GED program would have on his GCT earning potential, and he chose to withdraw anyway. The BOP administrative remedy procedures were available to Petitioner to contest the reduction once he was placed on GED UNSAT status, and he properly exhausted those procedures. *See De La Cruz v. Zickefoose*, 2011 WL 2600719, at *5 (D.N.J. June 29, 2011) (finding BOP grievance procedure satisfied due process requirements after BOP reduced GCT to 42 days after prisoner withdrew from literacy program), *aff'd*, 450 F. App'x 123 (3d Cir. 2011). Petitioner received written explanations of each decision denying his appeals. The requirements of the Due Process Clause have been satisfied. *See Mathews v. Eldridge,* 424 U.S. 319, 332-35 (1976) (noting that the fundamentals of due process are notice and an opportunity to respond). Petitioner's claim is without merit.

## IV. CONCLUSION

For the reasons stated above, the Court finds that the BOP reasonably and correctly applied its regulations to Petitioner and did not deny him due process of law. Therefore, his petition is denied. An accompanying Order will be entered.

| | |
|---|---|
| **April 22, 2019** | **s/ Jerome B. Simandle** |
| Date | JEROME B. SIMANDLE |
| | U.S. District Judge |